UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS LUIS RENGEL-MORALES,

Petitioner,

v.

Case No. 2:26-cv-2902-KCD-NPM

WARDEN, GLADES COUNTY DETENTION CENTER, FIELD OFFICE DIRECTOR, MIAMI FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ACTING DIRECTOR, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, ATTORNEY GENERAL OF THE UNITED STATES,

Respondents.

_______________________________/

**ORDER**

Petitioner Carlos Luis Rengel-Morales is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and an accompanying emergency motion for temporary restraining order (Doc. 2).[1] He asks this Court to intervene quickly. Specifically, he seeks

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

an order preventing the Government from removing him from this judicial district while his habeas petition is pending. According to Rengel-Morales, without this pause button, the Government might whisk him away and deprive him of a chance to litigate this case. (*Id.* at 8.) He also seeks immediate release from custody. (*Id.*)

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

Rengel-Morales's underlying habeas petition raises substantive arguments that are not easily dismissed. But having a good argument is not alone enough for a TRO—you must also seek a remedy that the Court can give. *See, e.g.*, *Sekona v. Perez*, No. 1:19-CV-00400-JLT-HBK, 2025 WL 2140093, at *2 (E.D. Cal. July 29, 2025) ("The injunctive relief an applicant

requests must relate to the claims brought in the complaint."). The fundamental stumbling block here is the relief Rengel-Morales now requests.

Rengel-Morales asks the Court to enjoin the Government from transferring him outside the Middle District of Florida. (Doc. 2 at 1.) The answer is no. "[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Rengel-Morales's transfer to somewhere besides the Middle District of Florida is superfluous. We do not issue injunctions to prevent harms that legally cannot happen. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

Rengel-Morales argues that a transfer would "complicate [his] accesss to counsel, records, and timely relief." (Doc. 2 at 4.) But his argument consists of just that—a single, unadorned sentence. He offers no evidence that Respondents are actually interfering with his legal communications. And without facts, a claim like this cannot get off the ground. It is, at bottom, purely speculative. A petitioner must present concrete evidence that he "would have no, or effectively no, access to counsel," not merely assert the possibility of it. *Guerra-Castro v. Parra*, No. 1:25-CV-22487, 2025 WL 1984300, at *3 (S.D. Fla. July 17, 2025). The law protects an individual's

right to counsel. It does not, however, guarantee a detention facility with "preferred access" to one. *Id.* (citing *Calla-Collado v. Att'y Gen. of the United States*, 663 F.3d 680, 685 (3d Cir. 2011)).

Rengel-Morales's request for immediate release also fails. (Doc. 2 at 4, 8.) He asks this Court to disturb the status quo—his current detention—and grant him essentially the full measure of relief he seeks in the habeas petition, all before the Government has even had an opportunity to be heard. The Court declines the invitation.

While the Court takes Rengel-Morales's underlying liberty claims seriously, the specific stopgap measures he requests are either beyond our reach or beside the point. Accordingly, his Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **DENIED**, and the case will proceed to a review of the merits of the habeas petition.

**ORDERED** in Fort Myers, Florida on October 30, 2026.

Kyle C. Dudek
United States District Judge